IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
AUG 24 1970
JAMES R. COONEY, CLERK
BY DEPUTY

UNITED STATES OF AMERICA /
       Plaintiff, /
VS. / CIVIL ACTION NO. 5193
TEXAS EDUCATION AGENCY, et al / (CARTHAGE INDEPENDENT
       Defendants /     SCHOOL DISTRICT)

## ORDER

The United States filed its complaint herein on August 7, 1970, seeking to require defendants to disestablish the Carthage Independent School District's dual system of schools based on race. On August 7, 1970, this Court entered an Order requiring the Carthage district to collaborate with the Texas Education Agency in preparation of a plan for the immediate conversion of the defendant school district to a unitary, non-discriminatory school system.

On August 12, 1970, defendants filed a motion to dismiss on the grounds that (1) the complaint does not allege that complaints in writing signed by parents of minor children within defendant district had been received by the plaintiff, and (2) because defendants had adopted a plan for a unitary school system which plan was presented in the motion. This motion came down for a hearing on August 17, 1970, and oral argument was presented by counsel for the United States, Carthage Independent School District and the Texas Education Agency.

The motion to dismiss on grounds that there is no allegation of complaints being received from defendant school district is overruled. The Attorney General's certificate states that he has received the requisite complaints from parents of minor children residing in the State of Texas and that notice has been given to the Texas State Board of Education. He is therefore authorized to institute for or in the name of the United States

a civil action in any appropriate district court against "such parties....as may be appropriate." 42 United States Code 2000c-6. The parties named in this complaint are appropriate. The Texas Education Agency is responsible for the operation of the statewide system of public schools in the State of Texas and the local districts named are instrumentalities of the State, responsible on the local level for the operation of public schools. If, as we must assume on this motion to dismiss, the defendant Texas Education Agency possesses the supervisory powers over the public schools of Texas, alleged in the complaint, and defendants have either directly supported through deed, or indirectly maintained through inaction, the dual school system, the relief sought can be obtained. United States v. State of Georgia, et al, C.A. No. 12972 (N.D. Ga., Dec. 15, 1969).

The motion to dismiss on grounds that defendant school district has adopted a plan for a unitary system is also overruled. District courts are required to retain jurisdiction of school desegregation cases to insure that a plan that is adopted is implemented and operated in a constitutionally permissible fashion. Green v. New Kent County, 391 U. S. 430 (1968).

All parties agree that the plan adopted by the Carthage Independent School District is acceptable.

IT IS THEREFORE ORDERED:

(1) That the desegregation plan agreed upon by the Carthage Independent School District and the United States, attached hereto and made a part of this Order as Appendix A, is approved and shall be implemented by the defendants commencing with the 1970-71 school year.

(2) That the defendant school district file a report with the Court by October 1, 1970, and serve copies on the United States, indicating the racial composition of the student body in each school, grade and classroom in the system, and the number of teachers by race assigned to each school in the system.

(3) That this Court shall retain jurisdiction of this case to insure that the plan adopted is implemented and operated in a constitutionally permissible fashion.

ENTERED this 24th day of August, 1970.

*[signed]*
UNITED STATES DISTRICT JUDGE

APPENDIX A

1. Commencing with the 1970-71 school year, the schools will be operated in the following manner:

    A. Libby Elementary will house all first and second grade students.

    B. Baker Elementary will house all third, fourth and fifth grade students.

    C. Koonce School will house all sixth and seventh grade students.

    D. Carthage Junior High, formerly the Turner School, will house all eighth and ninth grade students.

    E. Carthage High School will house all tenth, eleventh and twelfth grade students.

2. Faculty assignments will be made to the same grades in which faculty members were previously utilized. The faculty under contract for the 1970-71 school year consists of ninety whites and thirty-two blacks.

3.     A. Staff members who work directly with children and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated without regard to race, color or national origin.

    B. If there is to be a reduction in the number of principals, teachers, teacher-aides, or other professional staff employed by the school district which will result in a dismissal or demotion of any such staff members, the staff member to be dismissed or demoted must be selected on the basis of objective and reasonable non-discriminatory standards from among all the staff of the school district. In addition, if there is any such dismissal or demotion, no staff

vacancy may be filled through recruitment of a person of a race, color, or national origin different from that of the individual dismissed or demoted, until each displaced staff member who is qualified has had an opportunity to fill the vacancy and has failed to accept an offer to do so.

Prior to such a reduction, the school board will develop or require the development of non-racial objective criteria to be used in selecting the staff member who is to be dismissed or demoted. These criteria shall be available for public inspection and shall be retained by the school district. The school district also shall record and preserve the evaluation of staff members under the criteria. Such evaluation shall be made available upon request to the dismissed or demoted employee.

"Demotion" as used above includes any re-assignment (1) under which the staff member receives less pay or has less responsibility than under the assignment he held previously, (2) which requires a lesser degree of skill than did the assignment he held previously, or (3) under which the staff member is asked to teach a subject or grade other than one for which he is certified or for which he has had substantial experience within a reasonably current period. In general, and depending upon the subject matter involved, five years is such a reasonable period.

4. All extra-curricular activities will be operated on a totally desegregated basis.

5. The transportation system, including the bus routes and the assignment of students to buses will be designed to insure the transportation of all eligible pupils on a non-segregated and otherwise non-discriminatory basis.

6. If the school district grants transfers to students living in the district for their attendance at public school outside the district, or if it permits transfers into the district of students who live outside the district, it shall do so on a non-discriminatory basis, except that it shall not consent to transfers where the cumulative effect will reduce desegregation in either district or reinforce the dual school system.